IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

Plaintiff,

v.

YAIRA COTTO-FLORES,

Defendant.

Crim. No. 16-206 (DRD)

OPINION AND ORDER

I.      Introduction

Yaira Cotto-Flores ("Defendant") is charged with one count of transportation of a minor with intent to engage in criminal sexual activity, in violation of 18 U.S.C. § 2423(a). Pending before the Court is Defendant's Motion to Dismiss the Indictment.  *See* Docket No. 32.

Defendant's *Motion to Dismiss the Indictment* (Docket No. 32) avers that the statute Defendant is charged under, 18 U.S.C. § 2423(a), is inapplicable to acts occurring entirely within Puerto Rico. Further, Defendant argues that the statute does not contain language that would justify Congress' use of its powers under the Commerce Clause. Finally, Defendant argues, albeit perfunctorily, that criminalizing acts occurring solely within the Commonwealth of Puerto Rico is a violation of Puerto Ricans' Equal Protection rights.

In its response to Defendant's motion, the United States disagreed with Defendant's statutory interpretation (Docket No. 33). The United States pointed to language of Section 2423(a), its legislative history, and Supreme Court and First Circuit precedent, all of which support the statute's application to the case at bar.

## II.      Analysis

To determine the applicability of a particular statute, the Court must first look at the statutory language. *See Herman v. Hector I. Nieves Transp., Inc.*, 244 F.3d 32, 34 (1st Cir. 2001)(citing *United States v. Commonwealth Energy Sys. & Subsidiary Cos.,* 235 F.3d 11, 15 (1st Cir.2000)). Defendant is charged with knowingly transporting a fourteen year-old male with intent to engage in sexual activity, under the "White Slave Traffic Act," otherwise known as the Mann Act. *See* 18 U.S.C. §2421-2424. Specifically, Section 2423(a) of the Mann Act reads, in relevant part:

> A person who knowingly transports an individual who has not attained the age of 18 years in interstate or foreign commerce, **or in any commonwealth, territory or possession of the United States,** with intent that the individual engage in prostitution, **or in any sexual activity for which any person can be charged with a criminal offense**, shall be fined under this title and imprisoned not less than 10 years or for life.

18 U.S.C. 2423(a)(emphasis ours). Evidently, Section 2423 penalizes the transportation of a minor with intent to engage in sexual activity in interstate commerce, in foreign commerce, in any commonwealth of the United States[1], in any territory of the United States, or in any possession of the United States.  The Court's jurisdiction hinges on the existence of interstate or foreign commerce unless the transportation occurred wholly within a commonwealth, territory, or possession of the United States.

"In the absence of ambiguity, [the Court] generally [need] not look beyond the plain meaning of the statutory language." *Herman*, 244 F.3d at 34*; see also Campbell v. Washington County Technical Coll.,* 219 F.3d 3, 6 (1st Cir.2000). Here, no ambiguity exists and the statutory language is dispositive. *See In re Pharm. Indus.,* 582 F.3d 156, 168 (1st Cir. 2009)("The Supreme Court has repeatedly emphasized the importance of the plain meaning rule, stating that if the language of a statute or regulation has a plain and

---

[1] Puerto Rico is a commonwealth of the United States of America. *See Examining Bd. of Engineers, Architects and Surveyors v. Flores*, 426 U.S. 572, 593-594 (1976)("Congress approved the proposed constitution after adding . . .  a condition that any amendment or revision of the document be consistent with 'the applicable provisions of the Constitution of the United States' . . . [t]he condition was accepted . . .  and Puerto Rico assumed 'Commonwealth' status."). Defendant understands this portion of the statute is invalid, as it criminalizes conduct that occurs entirely within the commonwealth, which contravenes Congress' powers under the Commerce Clause.

ordinary meaning, courts need look no further and should apply the regulation as it is written." (quoting *Textron Inc. v. Comm'r of Internal Revenue,* 336 F.3d 26, 31 (1st Cir.2003))). Thus, Section 2423 applies to the instant set of facts as it statute for the criminalization of the transportation of minors within a commonwealth of the United States for the purposes of engaging in sexual acts.

Because the statute is facially unambiguous, the Court need not delve into the issue of legislative intent. *See Antilles Cement Corp. v. Fortuño*, 670 F.3d 310, 320-321 (1st Cir. 2012)("If the language of a statute . . . has a plain and ordinary meaning, courts need look no further and should apply the regulation as it is written)(internal citations omitted). However, the Court deems it necessary to illustrate Congress' intent to have Section 2423 apply to acts within Puerto Rico. The relevant portion of the Mann Act's Committee Report's states the following:

> The provisions which make the crime depend upon transportation in interstate or foreign commerce are made applicable to . . . the territories and possessions of the United States . . . **without regard to the crossing of district, territorial or state lines, and apply within the territories to the same extent as they apply in cases outside of the territories in interstate or foreign commerce**.

H.Rep.No. 47, 61st Cong., 2nd Session. S.Rep.No. 886 (emphasis ours). In 1998, Congress added the phrase "or in any commonwealth" to Section 2423(a) as part of the "Protection of Children from Sexual Predators Act of 1998." *See* Protection of Children from Sexual predators Act of 1998, Pub. L. No. 105-314, §103, 112 Stat. 2974 (1998). Therefore, Congress' intent to penalize acts wholly occurring within Puerto Rico was memorialized in its Committee Report.

At the risk of gilding the lily, the Court notes that case law addressing Defendant's arguments supports applying Section 2423 to the case at bar. Specifically, challenges to Section 2423 were first brought before the Supreme Court of the United States in 1945, when the Court affirmed a defendant's conviction under the Mann Act for acts committed entirely within the District of Columbia. *See United States v. Beach*, 324 U.S. 193 (1945). In so affirming, the Supreme Court held the following:

> The Mann Act not only penalizes such transportation in interstate commerce, which is defined in § 1, 18 U.S.C. §397, 18 U.S.C.A. § 397, as including any commerce into or out of the District, but **it specifically and repeatedly includes in its prohibition, such transportation 'in any Territory or in the District of Columbia.'** Congress, in enacting the Mann Act, made it perfectly plain by its Committee Reports on the proposed legislation that **it was intended to apply to transportation taking place wholly within the District of Columbia.** Both Reports declare: 'All of the provisions which make the crime depend upon transportation in interstate or foreign commerce are made applicable to the District of Columbia, the Territories and possessions of the United States, including the Panama Canal Zone, without regard to the crossing of district, territorial, or state lines * * *.' This was recognized both by the proponents and by the opponents of the bill on the floor of the House. Congress thus, through the exercise of its police power over the District, followed its usual policy of extending legislation based on the commerce power to the same substantive acts taking place wholly within the District.

*Beach*, 324 U.S. at 195 (emphasis ours)(internal citations omitted). Similar to the Court's analysis above, the Supreme Court consulted the legislative record predating the Act and concluded that Congress intended to criminalize the intra-district transportation of women for illicit purposes.

When its turn came to decide the same question before the Court today, the First Circuit Court of Appeals adopted the interpretation of our highest tribunal. The First Circuit cited *Beach*, the Act's Committee Report, and the statute itself in affirming a defendant's conviction under the Mann Act for acts occurring entirely within Puerto Rico. *See Crespo v. United States*, 151 F.2d 44 (1st Cir. 1945). The Circuit Court found that "it cannot be doubted that the [Mann] Act applies to transportation wholly within Puerto Rico." *Id*. at 45.[2] Defendant attempts to distinguish the holding in Crespo by pointing out that the defendant was charged at a time where the statute only contained the term "territory," as opposed to its current version, which includes the term "commonwealth." However, Congress' decision to have Section 2423(a) to commonwealths, such as Puerto Rico, defeats Defendant's argument. Specifically, Defendant is arguing that Section 2423 applied to territories in 1945, when Puerto Rico was a territory, but no longer applies to Puerto Rico, a commonwealth, even though Congress added commonwealths to the list of sovereigns covered by Section 2423. This is an unconvincing proposition, to say the least.

---

[2] Defendant briefly argues that the "portion of the statute criminalizing conduct which takes place wholly within the commonwealth should be held to be invalid under the commerce clause." Docket No. 32 at 5. However, Congress has found that the sexual exploitation of minors "substantially affects interstate commerce." *See*, *e.g.*, 22 U.S.C. § 7101(b).

### III.      Conclusion[3]

Accordingly, for all the reasons discussed above, Defendant's Motions to Dismiss the Indictment (Docket No. 32) is hereby **DENIED**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 5th day of October, 2016.

/s/ DANIEL R. DOMINGUEZ

DANIEL R. DOMINGUEZ
U.S. District Judge

---

[3] Defendant makes a half-hearted attempt to argue for a dismissal based on the Equal Protection clause of the constitution. These fundamental constitutional principles have been argued in a skeletal manner without any case law or indication of the proper standard to be applied.  Thus, these arguments will not be considered.  *See, e.g., Willhauck v. Halpin*, 953 F.2d 689, 700 (1st Cir. 1991) ("issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. . . . It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work. . . . Judges are not expected to be mindreaders. Consequently, a litigant has an obligation to spell out its arguments squarely and distinctly, or else forever hold its peace.").